IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| ROBERT MORRIS, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) Case No. 3:17-cv-857-NJR-DGW |
| OFC. LEE, SGT. MCGHEE, SGT. LINDBERG, and MS. LASHBROOK, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

A Motion for Emergency Mandamus Order (Doc. 11) is pending before the Court. For the reasons set for below, the motion is denied.

### BACKGROUND

On August 14, 2017, Plaintiff Robert Morris filed the pending complaint (Doc. 1).[1] A preliminary review of the allegations was conducted pursuant to 28 U.S.C. § 1915A, and Morris was allowed to proceed on the following claims:

**Count 4:** Eighth Amendment deliberate indifference claim against Lee and McGhee for their response when they found Morris hanging from his neck in an apparent suicide attempt.

---

[1] Morris's allegations were divided into three sets of claims: (1) his chronic back pain and related medical permit for two mattresses; (2) his placement in segregation in connection with refusing a tuberculosis test in December 2016; and (3) constitutional violations stemming from his suicide attempt. Consistent with the *George* decision and Federal Rule of Civil Procedure 21, the Court severed the claim related to Morris's chronic back pain and double mattress permit (Count 1) into a separate action and the claims pertaining to Morris's tuberculosis test (Counts 2 and 3) into another action. These separate actions were given newly assigned case numbers are not before the Court here. Remaining before the Court in this case are the allegations related to his suicide attempt.

**Count 5:** Eighth Amendment excessive force claim against Lee and McGhee for spraying Morris with pepper spray when he was hanging from his neck in an apparent suicide attempt and for inserting an object into Morris's rectum, when he was handcuffed on the floor of his cell following the attempted suicide.

**Count 6:** Eighth Amendment excessive force claim against Lindenberg for directing other officers to assault Morris and/or participating in assaulting Morris on April 17, 2017.

**Count 7:** First Amendment retaliation claim against Lindenberg for directing other officers to assault Morris and/or participating in assaulting Morris on April 17, 2017, as retaliation for Morris's PREA grievance.

Morris filed the pending Motion for Emergency Mandamus (Doc. 11) on November 7, 2017, demanding the Court to stop sending court documents related to his claims through Menard Correctional Center's facsimile machine.

## ANALYSIS

Although Morris titles his motion as a request for "mandamus," the Court construes the document as requesting a preliminary injunction. A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that the plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A Charles Alan Wright, Arthur R Miller, & Mary Kay Kane, Federal Practice and Procedure §2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). The plaintiff has the burden of demonstrating:

1. A reasonable likelihood of success on the merits;

2. No adequate remedy at law; and

3. Irreparable harm absent the injunction.

*Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012).

Given the highly violent and personal nature of the pending allegations, the Court is not insensitive to Morris's desire for privacy. The Court notes, however, the allegations were already made public by the mere filing of Morris's complaint. Thus, any harm has already been inflicted. Moreover, Morris's main concern appears to be that correctional officers at Menard are improperly reviewing his mail. The Court notes, however, that such a claim is a distinct legal allegation that is not currently before this Court. Further, there is no reason for the Court to believe that Morris cannot avail himself of the administrative and other legal remedies available for addressing this new complaint. Thus, Morris cannot meet his burden of proving that a preliminary injunction is necessary in this case.

## Conclusion

Because other remedies exist at law and there does not appear to be a risk of irreparable harm, Morris's Motion for Emergency Mandamus Order (Doc. 11) is **DENIED.**

**IT IS SO ORDERED.**

DATED: December 19, 2017

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**