IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT MORRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-CV-857-NJR-DGW |
| | ) |
| DANIEL LEE, DONALD LINDENBERG, | ) |
| and CLETUS MCGHEE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 39), which recommends that this Court deny the Motion for Summary Judgment (Doc. 24) filed by Defendants Daniel Lee, Donald Lindenberg, and Cletus McGhee.[1] The Report and Recommendation was entered on July 18, 2018. No objections have been filed.

Plaintiff Robert Morris ("Morris"), an inmate in the custody of the Illinois Department of Corrections, filed this case on August 14, 2017, asserting that his constitutional rights were violated by various defendants. Some of his claims were severed into a new case, but Morris was allowed to proceed on the following claims in this case:

**Count 4:** Eighth Amendment deliberate indifference claim against Lee and McGhee for their response when they found Morris hanging from his neck in an apparent suicide attempt.

**Count 5:** Eighth Amendment excessive force claim against Lee and McGhee for spraying Morris with pepper spray when he was

---

[1] The Clerk's Office is **DIRECTED** to update the docket sheet to reflect the true and accurate names of the following defendants: "Ofc. Lee" should be "Daniel Lee," "Sgt. McGhee" should be "Cletus McGhee," and "Sgt. Lindenberg" should be "Donald Lindenberg."

> hanging from his neck in an apparent suicide attempt and for inserting an object into Morris's rectum, when he was handcuffed on the floor of his cell following the attempted suicide.

**Count 6**: Eighth Amendment excessive force claim against Lindenberg for directing other officers to assault Morris and/or participating in assaulting Morris on April 17, 2017.

**Count 7**: First Amendment retaliation claim against Lindenberg for directing other officers to assault Morris and/or participating in assaulting Morris on April 17, 2017, as retaliation for Morris's PREA grievance.

According to the Complaint, when McGhee and Lee found Morris in his cell attempting to commit suicide, they sprayed him in the eyes, nose, and mouth with pepper spray (Doc. 1, p. 11). McGhee and Lee then entered the cell and untied Morris, handcuffed him and made him lie on his stomach (*Id.*). While he was on his stomach, one of the officers pulled Morris's pants down and inserted an object into his rectum (*Id.*). Morris screamed for the officers to stop (*Id.*). Lee and McGhee then took Morris to the healthcare unit (*Id.*).

On March 9, 2018, Defendants Lee, Lindenberg, and McGhee filed a motion for summary judgment on the basis that Morris failed to exhaust his administrative remedies before bringing suit against them (Docs. 24 and 25). On March 29, 2018, Morris filed a "Renewal of Rebuttal for Exhausting Administrative Remedies" (Doc. 28). In that filing, he appears to seek renewal of a "rebuttal" filed on February 23, 2018, which was stricken by the Court as premature (*See* Doc. 22). In that "rebuttal," Morris addressed the issue of whether he exhausted his administrative remedies (Doc. 21). On May 29, 2018, Magistrate Judge Wilkerson held a hearing on the motion pursuant to *Pavey v. Conley*, 544 F.3d 737 (7th Cir. 2008) (Doc. 36).

On July 18, 2018, Magistrate Judge Wilkerson issued the Report and Recommendation

currently before the Court (Doc. 39). The Report and Recommendation accurately states the nature of the evidence presented on the issue of exhaustion, as well as the applicable law and the requirements of the administrative process.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may accept, reject or modify the magistrate judge's recommended decision. *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and give "fresh consideration to those issues to which specific objections have been made." *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part).

Where neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. 636(b), however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). While a *de novo* review is not required here, the Court has considered the evidence and fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson.

The Court agrees with Magistrate Judge Wilkerson that Morris has exhausted his administrative remedies. Magistrate Judge Wilkerson determined that Morris is seriously mentally ill, and he had questions about Morris's understanding of the grievance process, as well as his ability to follow that procedure at the relevant time. Magistrate Judge Wilkerson also found that Morris was credible in his assertion that he submitted a grievance to a grievance officer May 2, 2017, and he received no response. He also found it plausible from

Morris's testimony that he submitted the grievance simultaneously to the Administrative Review Board and the Warden. The Court agrees that the grievance process was rendered unavailable and thus Morris is deemed to have exhausted his administrative remedies.

For these reasons, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 39) and **DENIES** the Motion for Summary Judgment (Doc. 24) filed by Defendants Lee, Lindenberg, and McGhee. The Clerk of Court is **DIRECTED** to update Defendants' names as set forth in footnote 1.

**IT IS SO ORDERED.**

DATED:   October 3, 2018

									_____
									**NANCY J. ROSENSTENGEL**
									**United States District Judge**